**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SHUANGXI ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No. 1:26-cv-26375<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff Shuangxi Zhang ("Plaintiff") hereby brings the present action against Defendants, the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule A (collectively, "Defendants"). Schedule A is attached hereto as Exhibit 1. Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Florida and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Florida and in this Judicial District. Specifically, each Defendant causes the accused products ("Accused Products") that infringe Plaintiff's U.S. Design Patent No. [redacted] ("Asserted Patent") to be sold and shipped into this Judicial District. See Exhibit 4.

3. Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including those in Florida, and more particularly, in this Judicial District, through accounts with Internet-based e-commerce stores ("Internet Stores") using the Seller Aliases and Seller IDs identified on Schedule A, as well as any as-yet-undiscovered accounts with additional Internet Stores held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them. The Internet Stores maintained by Defendants permit consumers in the U.S., including those in this Judicial District, to view the Accused Products, as well as communicate (in some cases) with Defendants regarding their

listings for the Accused Products, and to place orders for, receive invoices for, and purchase Accused Products for delivery to this Judicial District. See Exhibit 4.

4. Upon information and belief, Defendants are Chinese entities and have no residence in the United States. See Exhibit 5. Therefore, in the alternative, personal jurisdiction is proper under Rule 4(k)(2) because Defendants are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to the claims occurred in this District, including Defendants' sale of the Accused Products and the resulting harm and injury suffered by Plaintiff. Alternatively, venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because Defendants are Chinese entities and have no residence in the United States.

## THE PARTIES

6. Plaintiff Shuangxi Zhang is an individual residing in Shaodong, Hunan Province, China.

7. Plaintiff is the lawful owner of all right, title, and interest in the Asserted Patent. A true and correct copy of the Asserted Patent is attached hereto as Exhibit 2.

8. Plaintiff is engaged in the manufacture of products embodying the design claimed in the Asserted Patent, which are imported into and sold in the U.S.

9. Defendants sell Accused Products on Amazon under the Seller Aliases identified on Schedule A. The Accused Products are identified with Amazon Standard Identification Numbers ("ASINs") and URLs listed on Schedule A. Exhibit 3 attached hereto contains screenshots of Amazon webpages of the Accused Products.

10. Upon information and belief, all Defendants are residents of China because the business addresses listed for each Defendant on Amazon indicate locations within China.

See Exhibit 5.

11. Upon information and belief, Defendants, either individually or jointly, operate one or more Internet Stores under the Seller Aliases identified on Schedule A. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their infringing operation.

12. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and new Seller IDs, for the purpose of selling and offering for sale goods that infringe the Asserted Patent unless temporarily, preliminarily and permanently enjoined.

13. Upon information and belief, Defendants have sold and shipped substantial quantities of Accused Products to consumers located in the United States, including Florida and this Judicial District.

14. Upon information and belief, Plaintiff's right to relief asserted against Defendants is with respect to or arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same Accused Product. The Accused Products identified on Schedule A are the same at least in all aspects relating to the Asserted Patent.

## FACTUAL BACKGROUND

**A. The Asserted Patent - U.S. Design Patent No. [redacted]**

15. The Asserted Patent, entitled "[redacted]," was filed with the USPTO on June 16, 2020, and claims priority to the same date. The Asserted Patent was issued on November 10, 2020, and claims "[t]he ornamental design for an [redacted][sic], as shown and described." See Exhibit 2.

16. The Asserted Patent lists Plaintiff Shuangxi Zhang as the Applicant and Inventor. See Exhibit 2.

**B. Defendants' Unlawful Conduct**

17. Upon information and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Accused Products and the Internet Stores. For example, the Accused Products have virtually identical designs, even though different Seller Aliases and Seller IDs were used with the Internet Stores. Exhibit 7 attached hereto shows photos of all the Accused Products identified on Schedule A, illustrating that the Accused Products are substantially the same in overall appearance with respect to the design claimed in the Asserted Patent.

18. The similarities between the Accused Products for sale in the Internet Stores suggest that they are related to one another, including that the Accused Products were manufactured by and come from a common source. Therefore, upon information and belief, Defendants are interrelated.

19. Defendants directly target business activities toward consumers in Florida by operating Internet Stores under one or more Seller Aliases that target United States consumers, accept payment in U.S. dollars, and offer shipping to the United States, including Florida. Defendants have purposefully directed their commercial activities toward consumers in Florida through the advertisement, offer for sale, and sale of the Accused Products into this State, including by selling and shipping Accused Products to residents of this Judicial District through completed Amazon transactions.

20. Defendants concurrently employ and benefit from similar advertising and marketing strategies. For example, some Defendants facilitate sales by designing the Internet Stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Internet Stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars in multiple ways, including via credit cards, Alipay, Amazon Pay, PayPal, etc. Internet Stores operating under

the Seller Aliases often include content and images that make it very difficult for consumers to distinguish their stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants' use of the Asserted Patent, and none of the Defendants are authorized retailers of Plaintiff's products.

21. Internet Store operators like Defendants regularly register or acquire new Seller Aliases for the purpose of offering for sale and selling Accused Products. Such seller alias registration patterns are one of many common tactics used by Internet Store operators like Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

22. Infringers such as Defendants typically operate under multiple Seller Aliases and payment accounts so that they can continue operation. Internet Store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment.

23. Defendants knowingly and willfully import, distribute, offer for sale, and sell the Accused Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes the Asserted Patent. Each Internet Store operating under the Seller Aliases offers shipping to the United States, including Florida, and, upon information and belief, each Defendant has sold Accused Products into the United States and Florida over the Internet.

24. Defendants' infringement has injured and continues to injure Plaintiff, who is entitled to recover damages adequate to compensate Plaintiff for Defendants' infringement. Plaintiff will continue to suffer irreparable injury unless and until Defendants are enjoined by

this Court. Plaintiff is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

**C.** [redacted]

[redacted]

**COUNT I**

**Patent Infringement (35 U.S.C. § 271)**

25. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

26. Defendants have copied the claimed design of the Asserted Patent. The

Accused Products are substantially the same in overall appearance as the design claimed in the Asserted Patent. Exhibit 6 attached hereto is an exemplary Infringement Claim Chart of Defendants' Accused Products.

27. Defendants have infringed and continue to infringe the Asserted Patent by making, using, importing into the United States, offering for sale, and/or selling within the United States the Accused Products identified on Schedule A, which embody the design claimed in the Asserted Patent. Specifically, each Defendant accepted and fulfilled completed Amazon orders and caused the Accused Products to be shipped and delivered to an address within this District.

28. Defendants have infringed the Asserted Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of Plaintiff's lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

29. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

30. Upon information and belief, Defendants register Amazon seller accounts through shell entities or through individuals in remote rural areas who have no genuine relationship to the actual operators or controllers of the Internet Stores. Accordingly, there is little assurance that the party ultimately responsible for the infringing activities can be identified or that any monetary judgment entered against it can be enforced or collected.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Accused Products;

b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Accused Products; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of Accused Products, including any accounts associated with Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Accused Products; and

c. take all steps necessary to prevent links to the Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Internet Stores from any search index;

(3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Asserted Patent, but in no event less than a reasonable royalty for the use made of the

Asserted Patent by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

(4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Asserted Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

(5) In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the Asserted Patent, pursuant to 35 U.S.C. § 289;

(6) A finding that this is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiff of reasonable attorneys' fees and costs;

(7) An award of pre-judgment and post-judgment interest, as permitted by law; and

(8) All such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

DATED: Sep 16, 2026

By:

*/s/ Valerie Raphael*
Valerie Raphael, Esq.
Florida Bar Number: 1003514
E-mail: valerie@kemetlawgroup.com
KEMET LAW GROUP, LLC
1825 NW Corporate Blvd., Ste. 110 Boca Raton,
Florida 33431
Telephone: (561) 870-0605
Facsimile: (561) 870-0606

*/s/ Ni Xue*
Ni Xue, Esq.
Florida Bar Number: 1026130
E-mail: ni@kemetlawgroup.com
KEMET LAW GROUP, LLC
1825 NW Corporate Blvd., Ste. 110 Boca Raton,

Florida 33431
Telephone: (561) 870-0605
Facsimile: (561) 870-0606

Yi Fang (pro hac vice forthcoming)
eyeglasses@shm.law
**SHM LAW FIRM**
1220 W Barkley Ave,
Orange, CA 92868
Telephone: (650) 613-9737

*Attorneys for Plaintiff*
Shuangxi Zhang